UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DEWAINE KIDD,<br><br>    Petitioner,<br><br>    vs.<br><br>HEIDI M. LACKNER,[1]<br><br>    Respondent. | No.  2:13-cv-2670-TLN-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges a judgment of conviction entered against him on February 7, 2011, in the Sacramento County Superior Court on charges of assault with a deadly weapon and personal infliction of great bodily injury, with various sentence enhancements.  He seeks federal habeas relief on the grounds that the trial court violated his federal constitutional rights through jury instruction error.  Upon careful consideration of the record and the applicable law, the court finds that petitioner's application for habeas corpus relief must be denied.

---

[1] Previously named as respondent was M. Mullin.  The court now substitutes in the correct respondent, the Warden of the Sierra Conservation Center, where petitioner is presently incarcerated.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  *See also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

1

## I. Background

In its unpublished memorandum opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> A jury convicted defendant Mark Dewaine Kidd of assault with a deadly weapon and found true an enhancement allegation that defendant personally inflicted great bodily injury on the victim. The trial court also found additional enhancement allegations true and sentenced defendant to an aggregate term of 12 years in state prison.
>
> Defendant now contends the trial court erred in failing to adequately instruct the jury on the definition of great bodily injury. He argues the error requires reversal of his conviction on the great bodily injury enhancement.
>
> We conclude the trial court did not commit instructional error. We will affirm the judgment.
>
> **BACKGROUND**
>
> While at an AM/PM store, defendant got into an argument with Esteban Gonzalez and Gonzalez's friends. Defendant punched Gonzalez twice. Gonzalez and his friends kicked and punched defendant while he was on the ground. At some point, defendant stabbed Gonzalez in the back, inflicting a wound that was three-quarters of an inch long and one-quarter inch wide. Gonzalez was taken to the hospital, where the wound was closed with two staples. At that time Gonzalez rated his pain level as "above a ten" on a scale from one to ten. By the time of trial it was "about a seven."
>
> Among other things, the People charged defendant with assault with a deadly weapon (a knife) (Pen. Code, § 245, subd. (a)(1) FN1 – count one), further alleging that defendant personally inflicted great bodily injury in the commission of that offense (§ 12022.7, subd. (a)), and also charged him with battery resulting in the infliction of serious bodily injury (§ 243, subd. (d) – count two).
>
> FN1. Undesignated statutory references are to the Penal Code.
>
> Video and audio recordings of the incident were played for the jury, but key moments, including the moment of the stabbing, were not picked up or could not be clearly discerned. The People took the position that defendant stabbed Gonzalez after Gonzalez and his friends had stopped their assault on defendant, and while Gonzalez was going back into the store. But the defense position was that defendant stabbed Gonzalez in self-defense while Gonzalez and his friends kicked and punched defendant on the ground, and that Gonzalez did not realize he had been stabbed until later.

2

> While discussing jury instructions, the trial court indicated that it would give, among other things, CALCRIM No. 875 [assault with deadly weapon or force likely to produce great bodily injury], CALCRIM No. 3160 [great bodily injury], and CALCRIM No. 925 [battery causing serious bodily injury]. Regarding the alternative language available under CALCRIM 875, the trial court said it would include the definition of great bodily injury. Defense counsel had no objection to the inclusion of the great bodily injury definition in CALCRIM No. 875 and did not propose any clarifying instruction.
>
> Consistent with CALCRIM No. 875, the trial court instructed the jury as follows:
>
> "The defendant is charged in count one with assault with a deadly weapon other than a firearm in violation of Penal Code section 245 sub[division] [a] subparagraph 1. To prove that the defendant is guilty of this crime the People must prove that, one, the defendant did an act with a deadly weapon other than a firearm that by its nature would directly and probably result in the application of force to a person; two, the defendant did that act willfully; three, when the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; four, when the defendant acted, he had the present ability to apply force with a deadly weapon other than a firearm to a person; and five, the defendant did not act in self-defense. [¶] . . . [¶]
>
> "Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm. A deadly weapon other than a firearm is any object, instrument, or weapon that is inherently deadly or dangerous or one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury."
>
> Consistent with CALCRIM No. 3160, the trial court further instructed the jury:
>
> "If you find the defendant guilty of the crime charged in count one, you must then decide whether the People have proved the additional allegation that the defendant personally inflicted great bodily injury on [the victim] in the commission of that crime.
>
> "Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm . . . ."
>
> And consistent with CALCRIM No. 925, the trial court instructed:
>
> "The defendant is charged in count two with battery causing serious bodily injury in violation of Penal Code section 243 sub[division] [d]. To prove that the defendant is guilty of this crime the People must prove that, one, the defendant willfully and unlawfully touched [the victim] in a harmful or offensive manner; two, [the

3

victim] suffered serious bodily injury as a result of the force used; and three, the defendant did not act in self-defense. [¶] . . . [¶]

" . . . A serious bodily injury means a serious impairment of physical condition. Such an injury may include but is not limited to loss of consciousness, concussion, bone fracture, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing and serious disfigurement."

During deliberations, the jury twice requested clarification regarding great bodily injury and serious bodily injury. In the first request, the jury asked for "[b]etter instructions on [the definition of great bodily injury] [a]s related to Count one, Special Findings, True or Not True." Without objection by counsel, the trial court responded: "In response to your question, Jury Instruction No. 875 located at pages 22 and 23 of your Jury Instruction packet defines the elements of Assault With a Deadly Weapon (Penal Code section 245(a)(1)) charged in Count One. [¶] Jury Instruction No. 3160 located at page 24 of your Jury Instruction packet defines the elements of Infliction of Great Bodily Injury (Penal Code section 12022.7(a)) charged as an additional allegation to Count One. 'Great bodily injury' excludes injuries that are transitory or short-lived."

In the second request, the jury asked for "[a] clearer distinction between Great Bodily harm and serious bodily harm. [¶] Is either a greater harm or are both the same." Again without objection from counsel, the trial court responded: "Determining whether a victim has suffered harm amounting to great bodily injury or serious bodily injury are both questions of fact for the jury. [¶] 'Great bodily injury' is defined in Jury Instruction No. 3160 on page 24 of your jury instruction packet and as further clarified in the Court's Response to your Request # 1. [¶] 'Serious bodily injury' is defined in Jury Instruction No. 925 on page 25 of your jury instruction packet."

The jury convicted defendant on count one, assault with a deadly weapon, and found the enhancement allegation true that he personally inflicted great bodily injury on the victim. But the jury hung on count two, battery resulting in the infliction of serious bodily injury, and the trial court declared a mistrial on that count. In a bifurcated proceeding, the trial court found that defendant had a prior strike and a prior serious felony conviction. (§§ 667, subds.(a), (b)-(i), 1170.12.) The trial court sentenced defendant to an aggregate of 12 years in state prison.

*People v. Kidd*, No. C068136, 2013 WL 4047048 (Cal.App. 3 Dist., Aug. 8, 2013).

After the California Court of Appeal affirmed petitioner's judgment of conviction, he filed a petition for review in the California Supreme Court. Resp't's Lodg. Doc. 5. On October 23, 2013, the Supreme Court summarily denied that petition. Resp't's Lodg. Doc. 6.

/////

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court,

1  be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of
2  an issue, it cannot be said that there is "clearly established Federal law" governing that issue.
3  *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

4     A state court decision is "contrary to" clearly established federal law if it applies a rule
5  contradicting a holding of the Supreme Court or reaches a result different from Supreme Court
6  precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003).
7  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the
8  writ if the state court identifies the correct governing legal principle from the Supreme Court's
9  decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v.
10 Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002
11 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that
12 court concludes in its independent judgment that the relevant state-court decision applied clearly
13 established federal law erroneously or incorrectly. Rather, that application must also be
14 unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473
15 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent
16 review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").
17 "A state court's determination that a claim lacks merit precludes federal habeas relief so long as
18 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v.
19 Richter*, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S.
20 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal
21 court, a state prisoner must show that the state court's ruling on the claim being presented in
22 federal court was so lacking in justification that there was an error well understood and
23 comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131
24 S. Ct. at 786-87.
25 /////

---

26     [2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be
27 overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
   presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*,
28 384 F.3d 628, 638 (9th Cir. 2004)).

6

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

7

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 786. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 131 S. Ct. at 784).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

On appeal in state court, petitioner raised a single claim that the trial court erred in failing to adequately instruct the jury on the definition of great bodily injury. *Kidd*, 2013 WL 4047048, at *3. In his petition for review filed in the California Supreme Court, petitioner claimed that the California jury instructions defining great bodily injury and serious bodily injury were in conflict and gave the false impression that they represented different levels of harm, when in fact they represented the same level of harm. Resp't's Lodg. Doc. 5. In the petition before this court, petitioner articulates three separate claims for relief. However, they all revolve around the trial court's jury instructions on the definition of "great bodily injury" and "serious bodily injury" and essentially track the claims petitioner raised in the California courts. In light of this, the court will construe petitioner's three separate claims as one overall challenge to the trial court's jury instructions on "great bodily injury" and "serious bodily injury," and will analyze the claims accordingly.

/////

Petitioner's first ground for relief is stated as follows: "'great bodily injury' and 'serious bodily injury' are equivalent terms in violation of the *Apprendi* error of the United States Constitution, the Sixth and Fourteenth Amendments." ECF No. 1 at 5.[3] Petitioner notes that the jurors asked several questions about the difference between "great bodily injury" and "serious bodily injury," and he argues that they should have been "informed that the terms were meant to represent an equivalent level of harm." *Id.* at 6.

In his second ground for relief, petitioner claims that the trial court's jury instructions on great bodily injury and serious bodily injury violated his rights under the Sixth and Fourteenth Amendments because giving both CALCRIM 3160 [the jury instruction on the definition of "great bodily injury"] and 925 [the jury instruction on the definition of "serious bodily injury"] gave the jury the "false impression" that "great bodily injury" and "serious bodily injury" represent different levels of harm." *Id.* at 8-9. Petitioner argues that this misconception was "exacerbated by the [trial] court's responses to the jury's questions." *Id.* He complains that the trial court simply referred the jurors back "to the same [CALCRIM] definitions that were confusing to the jury in the first place." *Id.* at 8-9.

In his third ground for relief, petitioner claims that his petition presents sufficient grounds for review by the California Supreme Court under Rule 8.500(b) of the California Rules of Court. *Id.* at 10. He argues that "the problem inherent in giving both [CALCRIM-3160 and 925] is likely to recur throughout the trial courts in the state" and that until the state court "steps in to require that the jury be told the definitions represent an equivalent level of harm, confusion about the instructions will continue." *Id.* at 11.

As explained above, petitioner's jury convicted him on count one of assault with a deadly weapon and found the enhancement allegation true that he personally inflicted "great bodily injury" on the victim. The jury was unable to reach a verdict on count two (battery resulting in the infliction of "serious bodily injury") and the trial court declared a mistrial on that count. In his three claims before this court, petitioner is arguing, in essence, that the trial court's error in

---

[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

9

instructing the jury on the terms "great bodily injury" and "serious bodily injury" rendered his trial fundamentally unfair because the instructions erroneously suggest that the terms "great bodily injury" and "serious bodily injury" represent different levels of harm.  He suggests that if the jury had been advised that the terms actually represent equivalent levels of harm, it would have found him not guilty of the great bodily injury enhancement on count one, given that it acquitted him of inflicting serious bodily injury, as alleged in count two.  On appeal, petitioner argued that:

> [t]he jury's inability to agree that Mr. Kidd committed serious bodily injury shows that it treated great bodily injury as a different level of harm; if great and serious bodily injuries are supposed to be equivalent, shouldn't the result have been the same?

Resp't's Lodg. Doc. 5 at 5.  Petitioner makes the same argument in the petition before this court.

### 1. State Law Decision

Rejecting petitioner's argument on this claim, the California Court of Appeal reasoned as follows:

> Defendant contends the trial court erred in failing to adequately instruct the jury on the definition of great bodily injury.  He acknowledges that the instructions given were in accordance with CALCRIM and that he did not object to them, but he asserts his claim is not forfeited because the instructional error affected his substantial rights (§ 1259) and prejudiced him.  He claims the instructions incorrectly suggested that great bodily injury and serious bodily injury are not equivalent, the jury questions indicated confusion on that point, and the trial court's responses exacerbated the jury's confusion and reinforced that great bodily injury and serious bodily injury are different.  He says if the jury had known that great bodily injury and serious bodily injury are equivalent, and it could not agree unanimously on count two that he inflicted serious bodily injury, the jury also could not have agreed unanimously that the wound constituted great bodily injury on count one.
>
> We conclude that even if defendant's contention is not forfeited, he does not establish instructional error.
>
> Although courts have indicated that serious bodily injury "'is the essential equivalent'" of great bodily injury (*see, e.g., People v. Sloan* (2007) 42 Cal.4th 110, 117), it is nonetheless true that great bodily injury and serious bodily injury have different statutory definitions.  For the section 12022.7 enhancement alleged in count one, great bodily injury is defined in section 12022.7, subdivision (f) as "a significant or substantial physical injury."  And for the

> section 243, subdivision (d) offense charged in count two, serious bodily injury is defined in section 243, subdivision (f)(4) as "a serious impairment of physical condition" and includes specific examples. The CALCRIM instructions accurately state the applicable statutory definitions of great bodily injury and serious bodily injury, and the trial court responded to the jury questions by referring the jury back to the approved CALCRIM instructions.
>
> The trial court correctly instructed the jury on the law. To the extent defendant wanted additional clarifying instructions, it was incumbent upon him to ask the trial court for them, but he did not do so. We conclude there was no error.

*Kidd*, 2013 WL 4047048, at *3.

### 2. **Applicable Law**

In general, a challenge to jury instructions does not state a federal constitutional claim. *McGuire*, 502 U.S. at 72; *Engle v. Isaac*, 456 U.S. 107, 119 (1982)); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). In order to warrant federal habeas relief, a challenged jury instruction "cannot be merely 'undesirable, erroneous, or even "universally condemned,"' but must violate some due process right guaranteed by the fourteenth amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). To prevail on such a claim petitioner must demonstrate "that an erroneous instruction 'so infected the entire trial that the resulting conviction violates due process.'" *Prantil v. State of Cal.*, 843 F.2d 314, 317 (9th Cir. 1988) (quoting *Darnell v. Swinney*, 823 F.2d 299, 301 (9th Cir. 1987)). In making its determination, a reviewing court must evaluate the challenged jury instructions "'in the context of the overall charge to the jury as a component of the entire trial process.'" *Id.* (quoting *Bashor v. Risley*, 730 F.2d 1228, 1239 (9th Cir. 1984)).

"When considering an allegedly erroneous jury instruction in a habeas proceeding, an appellate court first considers whether the error in the challenged instruction, if any, amounted to 'constitutional error.'" *Morris v. Woodford*, 273 F.3d 826, 833 (9th Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 141, 146 (1998). If so, the court then considers whether the error was harmless." *Id. See also Evanchyk v. Stewart*, 340 F.3d 933, 939 (9th Cir. 2003) (same). To determine whether the error was harmless, a reviewing court considers whether the error had a "substantial and injurious effect or influence on the jury's verdict." *Calderon v. Coleman*, 525

11

1  U.S. 141, 147 ((1998). "If we are in grave doubt as to whether the error had such an effect, the
2  petitioner is entitled to the writ." *Morris,* 273 F.3d at 833 (internal quotations and citation
3  omitted).

### 3. **Analysis**

The court will first address petitioner's reference to "*Apprendi*" in his first ground for relief, and his citations to California law in support of his third ground for relief. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Petitioner has failed to explain or to demonstrate how the trial court's instructions to the jury in this case violate the *Apprendi* holding. Accordingly, he is not entitled to relief on any claim based on the Supreme Court's decision in *Apprendi*.

With regard to petitioner's third ground for relief, a federal writ is not available for alleged error in the interpretation of application of state law. *Wilson*, 131 S. Ct. at 16; *Estelle*, 502 U.S. at 67. Accordingly, whether or not the California Supreme Court's decision not to grant review of petitioner's jury instruction claims violated state law or the California Rules of Court is not cognizable in this federal habeas corpus action. Petitioner is not entitled to relief on any claim based on state law or court rules.

Petitioner's federal constitutional claim is that the trial court's jury instructions, including the trial judge's response to the jury's questions, violated his right to due process. For the reasons expressed by the California Court of Appeal, the trial court's jury instructions on "great bodily and injury" and "serious bodily injury," did not render petitioner's trial fundamentally unfair. The instructions tracked California law and there is no evidence that the jury applied the challenged jury instructions in a way that violated the federal Constitution. Mere speculation as to why the jury decided to acquit petitioner on count two, when it found him guilty on count one, is insufficient to demonstrate federal constitutional error.

/////

1        Petitioner has also failed to show that the trial court's response to the jury's questions
2 violated his right to due process.  A trial judge enjoys "wide discretion" in responding to a
3 question from the jury.  *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003).  *See also*
4 *Gilbrook v. City of Westminster*, 177 F.3d 839, 860 (9th Cir. 1999) (trial judges have "substantial
5 latitude in tailoring jury instructions"); *Wilson v. United States*, 422 F.2d 1303, 1304 (9th Cir.
6 1970) ("The necessity, extent and character of additional instructions are matters within the sound
7 discretion of the trial court.").  To obtain habeas relief following an erroneous response to a jury's
8 request for clarification, a petitioner must show that: (1) the response was an incorrect or
9 inaccurate application of state law; (2) constitutional error resulted; and (3) the error was not
10 harmless.  *See Morris*, 273 F.3d at 833.
11        In this case, the trial court's response to the jury's questions was not incorrect or
12 inaccurate under state law.  Moreover, the fact that petitioner's jurors asked no further questions
13 after receiving a response to their second question and were able to reach a unanimous verdict
14 indicates that they were satisfied with the court's answer and that it cleared up their confusion.
15 There is also no competent evidence that the trial court's answers violated the federal constitution
16 or had a substantial and injurious effect or influence on the verdict.  Under these circumstances,
17 the trial judge's responses did not violate the due process clause.
18        It is true that "[w]hen a jury makes explicit its difficulties a trial judge should clear them
19 away with concrete accuracy."  *Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946).
20 However, where, as here, the trial judge "respond[s] to the jury's question by directing its
21 attention to the precise paragraph of the constitutionally adequate instruction that answers its
22 inquiry," and the jury asks no followup question, a reviewing court can presume "that the jury
23 fully understood the judge's answer and appropriately applied the jury instructions."  *Waddington*
24 *v. Sarausad*, 555 U.S. 179, 196 (2009) (quoting *Weeks*, 528 U.S. at 234) (there is no
25 constitutional violation where trial judge responds to the jury's question by directing its attention
26 to the paragraph of the constitutionally adequate instruction that answered its inquiry); *United*
27 *States v. McCall*, 592 F.2d 1066, 1068-69 (9th Cir. 1979) (where the district court's original
28 instructions were a correct statement of the law and "generally addressed the jury's question

13

. . . ,<200b>" the court's re-reading of its original instructions in response to the question was not reversible error); *United States v. Collom*, 614 F.2d 624, 641 (9th Cir. 1979) (where a deliberating jury asked, "[Does] aiding and abetting after the fact constitute a violation of the law?" and the district court, in response, "reinstructed the jury on the elements of aiding and abetting, and . . . specifically invited them to ask further questions should the need arise," the court "acted well within [its] discretion"); *Davis v. Greer*, 675 F.2d 141, 145-46 (7th Cir. 1982) (where the "entire jury charge clearly and correctly stated the controlling law," and the trial court responded to a jury question by saying only, "Consider all of the instructions carefully," the "trial court's response was sufficiently specific to clarify the jury's confusion").

The decision of the California Court of Appeal denying petitioner's jury instruction claims is not contrary to, or an unreasonable application of, the legal principles set forth above. It is certainly not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131 S. Ct. at 786-87. The state court record does not support petitioner's claim that the trial court's jury instructions on the meaning of the terms "great bodily injury" and "serious bodily injury" violated petitioner's right to due process. Accordingly, petitioner is not entitled to federal habeas relief.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 20, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE